# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARTHA E. NEIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13-cv-03809 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| KOVITZ SHIRFRIN NESBIT, an Illinois ) | |
| law firm, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Martha Neil has sued Defendant Kovitz Shirfrin Nesbit ("KSN"), a law firm that performs debt collection work for its clients, for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. In addition to her federal claim under the FDCPA, Neil's complaint also asserts a number of claims under Illinois common law. Now before the Court is KSN's motion to dismiss several of those state law claims (the "Motion"). (Dkt. No. 23.) For the reasons stated below, the Court grants in part and denies in part KSN's Motion.

## Background

The following facts are taken from the first amended complaint ("Complaint") and accepted as true for the purposes of the Motion.[1] Since 1998, Neil has owned two apartments at the Lunt Court Condominium Association ("LCCA"). (First Am. Compl. ¶ 5, Dkt. No. 19.) She uses one of the apartments as her personal residence, which she shares with roommates, and

---

[1] When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all well-pleaded allegations set forth in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

rents the other apartment to an African-American Section 8 tenant. (*Id.* ¶¶ 5, 31.) Neil filed an administrative fair housing complaint against LCCA in late 2010. (*Id.* ¶ 29.) Shortly thereafter, LCCA retained KSN to pursue debt collection litigation against Neil, and KSN filed lawsuits against Neil in late 2012. (*Id.* ¶¶ 29, 31.) Although the ostensible purpose of the lawsuits was to collect assessments and fines that Neil owed, in fact LCCA and KSN's true intention was to "annihilate [Neil] personally and professionally" and ultimately to force Neil, her roommates, and her Section 8 tenant to leave their units in LCCA's building. (*Id.* ¶¶ 12, 46.) Neil alleges that this scheme was motivated by the personal animus and racism of certain LCCA members, and was also intended as retaliation against Neil for filing her administrative fair housing complaint. (*Id.* ¶¶ 19, 21, 25.)

Neil claims that KSN's collection activities on behalf of LCCA included numerous instances of harassment. For example, she alleges that KSN sent debt collection demand notices with little or no legitimate basis to her workplace, and that at least one of these notices was opened by a fellow employee and shared with her supervisors. (*Id.* ¶ 40.) Neil also complains that KSN sent collection demands that were styled as court pleadings when, in fact, they were not; and it sent various debt collection notices and letters threatening legal action to Neil's roommates and tenant. (*Id.* ¶¶ 40, 95-96.) KSN also filed two debt collection lawsuits in Illinois state court based on condominium assessments owed to LCCA by Neil despite the fact that Neil had offered to pay the assessments. (*Id.* ¶ 41.) And through that state court proceeding, KSN obtained a wage garnishment order against Neil by misrepresenting facts to a judge. (*Id.* ¶ 91.)

Based on these allegations, Neil's Complaint asserts eight causes of action: violation of the FDCPA (Count I); invasion of privacy (private facts) (Count II); false light invasion of privacy (Count III); invasion of privacy by intrusion upon seclusion (Count IV); breach of the

duty of good faith and fair dealing (Count V); tortious interference with actual and prospective economic advantage (Count VI); abuse of process (Count VII); and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq*. (Count VIII). The Motion seeks dismissal of Counts III, IV, V, VII, and VIII for failure to state a claim.

## **Discussion**

The basic pleading requirement is set forth in Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the short and plain statement must contain sufficient factual allegations "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). "In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

### I.    Count III – Invasion of Privacy (False Light)

Under Illinois law, the tort of invasion of privacy can occur when one person publicly places another in a false light. *See Lovgren v. Citizens First Nat'l Bank of Princeton*, 534 N.E.2d 987, 989-90 (Ill. 1989). To sustain a cause of action for false light invasion of privacy, a plaintiff must demonstrate that: "(1) he or she was placed in a false light before the public as a result of the defendant's actions; (2) 'the false light in which the plaintiff[ ] was placed would be highly offensive to a reasonable person; and (3) the defendant[ ] acted with actual malice, that is, with knowledge that the statements were false or with reckless disregard for whether the statements

were true or false.'" *Kurczaba v. Pollock*, 742 N.E.2d 425, 434-35 (Ill. App. Ct. 1st Dist. 2000) (quoting *Kirchner v. Greene*, 691 N.E.2d 107, 115-16 (Ill. 1998)).

KSN argues that Neil fails to allege sufficiently that she was placed in a false light "before the public." According to KSN, Neil has only alleged that KSN placed her in a false light to her employer and her tenant, and it is not an invasion of the right of privacy to communicate facts concerning Neil's private life to such a limited number of persons. (Def.'s Mot. at 2, Dkt. No. 23).

KSN reads Illinois law too narrowly. *United Laboratories, Inc. v. Savaiano*, No. 06-cv-1442, 2007 WL 4557095 (N.D. Ill. Dec. 21, 2007), the primary case cited by KSN, acknowledges that "even where 'the public to which the defendant disseminated the materials was not sufficiently large,' the existence of a special relationship between the plaintiff and the recipients of the information can be enough to satisfy the public disclosure requirement." *Id.* at *10 (quoting *Kurczaba*, 742 N.E.2d at 436-37); *see also Poulos v. Lutheran Soc. Servs. of Ill., Inc.*, 728 N.E.2d 547, 555-56 (Ill. App. Ct. 1st Dist. 2000) ("[T]he element of 'before the public' in an action for false light may be satisfied by establishing that false and highly offensive information was disclosed to a person or persons with whom a plaintiff has a special relationship."). Here, Neil alleges that KSN's actions resulted in disclosure of baseless debt collection demand notices to a fellow employee, as well as to Neil's work supervisors. (First Am. Compl. ¶ 40.) Under Illinois law, a plaintiff's co-workers and employers may constitute a class to which the special relationship exception applies. *See Kurczaba*, 742 N.E. 2d at 437 (citing *Johnson v. K mart Corp.*, 723 N.E.2d 1192, 1197 (Ill. App. 1st Dist. 2000)).[2] Accordingly, Neil

---

[2] In its reply brief, KSN cites *Katial v. Massachusetts Mutual Life Insurance Co.*, No. 99–cv–2593, 2002 WL 1632556 (N.D. Ill. July 22, 2002), for the proposition that the special relationship doctrine does not apply to the tort of false light invasion of privacy. (Def.'s Reply Br. at 2, Dkt. No. 35.) This is incorrect.

has stated a claim for false light invasion of privacy and KSN's Motion is denied with respect to Count III.

**II.     Count IV – Invasion of Privacy (Intrusion upon Seclusion)**

To state a cause of action for invasion of privacy based on intrusion upon seclusion under Illinois law,[3] a plaintiff must plead (1) an unauthorized intrusion into her seclusion; (2) that is offensive or objectionable to a reasonable person; (3) regarding a private matter; and (4) that causes anguish and suffering. *Harman v. Gist*, No. 02-cv-6112, 2003 WL 22053591, at *7 (N.D. Ill. Sept. 2, 2003) (citing *Johnson*, 723 N.E.2d at 1196). With the tort of intrusion upon seclusion, "the injury stems from the intrusion itself and not from any publication." *Id.* (citing *Thomas v. Pearl*, 998 F.2d 447, 452 (7th Cir. 1993)). "Examples of actionable intrusion upon seclusion would include invading someone's home, illegally searching someone's shopping bag in a store, eavesdropping by wiretapping, peering into the windows of a private home, or making persistent and unwanted telephone calls." *Benitez v. KFC Nat'l Mgmt. Co.*, 714 N.E.2d 1002, 1006 (Ill. App. Ct. 2d Dist. 1999).

Neil bases her intrusion upon seclusion claim on KSN allegedly contacting third parties and her longtime roommates, as well as attempting to interfere with Neil's relationship with her tenant. (First Am. Compl. ¶ 69.) Such allegations do not set out a cause of action for intrusion

---

In fact, Illinois Appellate Courts have recognized the special relationship doctrine in this context. *See, e.g., Kurczaba*, 742 N.E. at 437; *Poulos*, 728 N.E.2d at 555. This Court considers Illinois Appellate Court decisions as persuasive authority regarding state law issues. *See Adams v. Catrambone*, 359 F.3d 858, 862 (7th Cir. 2004).

[3] Although the Illinois Supreme Court has not explicitly recognized the tort of intrusion upon seclusion, all of the Illinois Appellate Courts have done so. *See, e.g., Burns v. Masterbrand Cabinets, Inc.*, 874 N.E.2d 72, 75-76 (Ill. App. Ct. 4th Dist. 2007) (citing *Melvin v. Burling*, 490 N.E.2d 1011 (Ill. App. Ct. 3d Dist. 1986)); *Davis v. Temple*, 673 N.E.2d 737 (Ill. App. Ct. 5th Dist. 1996); *Benitez v. KFC Nat'l Mgmt. Co.*, 714 N.E.2d 1002 (Ill. App. Ct. 2d Dist. 1999); *Schmidt v. Ameritech Ill.*, 768 N.E.2d 303 (Ill. App. Ct. 1st Dist. 2002).

upon seclusion, as the activities alleged all involve KSN's contact with third parties, not actions that KSN took to intrude upon Neil's own seclusion. In her response to the Motion, Neil attempts to salvage this cause of action by arguing that her claim is actually based on "overly aggressive repeated telephone calls and contacts." (Pl.'s Resp. at 3, Dkt. No. 33-1.) But Neil does not include those facts anywhere in the Complaint, and "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). Accordingly, Count IV of the Complaint is dismissed.

**III.    Count V – Breach of the Duty of Good Faith and Fair Dealing**

Illinois courts do not generally recognize an independent cause of action for breach of the implied duty of good faith and fair dealing. *Wilson v. Career Educ. Corp.*, 729 F.3d 665, 673-74 (7th Cir. 2013); *Brooklyn Bagel Boys, Inc. v. Earthgrains Refrigerated Dough Prods., Inc.*, 212 F.3d 373, 381 (7th Cir. 2000); *Voyles v. Sandia Mortg. Corp.*, 751 N.E.2d 1126, 1130–31 (Ill. 2001). The only exception to this general rule lies in that some Illinois courts have recognized a similar cause of action based on a duty of insurers to settle cases brought by third parties against insureds. *See Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 903 (Ill. 1996). The Illinois Supreme Court has declined to expand this cause of action beyond the "duty to settle" cases. *Voyles*, 751 N.E.2d at 1132.

While Neil correctly notes that Illinois courts recognize the duty of good faith and fair dealing as a theory of liability in breach of contract actions, the duty is "essentially used as a construction aid in determining parties' intent." *Wilson*, 729 F.3d at 673 (quoting *Anderson v. Burton Assocs., Ltd.*, 578 N.E.2d 199, 203 (Ill. App. Ct. 1st Dist. 1991)); s*ee also Citicorp. Sav. of Ill. v. Rucker*, 692 N.E.2d 1319, 1324 (Ill. App. Ct. 1st Dist. 1998) (duty of good faith and fair dealing "is a derivative principle of contract law" that is "used as a construction aid in

6

determining the intent of the parties where an instrument is susceptible of two conflicting constructions."). It is clear that this duty cannot form the basis for an independent cause of action outside of the limited circumstances discussed above. *Wilson*, 729 F.3d at 673-74; *Koehler v. First Nat. Bank of Louisville*, 597 N.E.2d 1261, 1264 (Ill. App. Ct. 5th Dist. 1992).

Because Neil's claim does not fall into the narrow category of actions for which the duty of good faith and fair dealing has been recognized as an independent cause of action under Illinois law, Count V is dismissed. The Court notes, however, that Neil is not foreclosed from pleading a cause of action sounding in contract, to the extent such a claim can be asserted consistent with the requirements of Federal Rule of Civil Procedure 11.

**IV.     Count VII – Abuse of Process**

Neil also asserts a cause of action against KSN for abuse of process. "[A]buse of process is the bringing of a suit that may . . . have a solid grounding in law but that the plaintiff has filed not in order to vindicate his legal rights and obtain a judgment but in order to harass the defendant." *Smart v. Bd. of Trs. of the Univ. of Ill.*, 34 F.3d 432, 434 (7th Cir. 1994), *abrogated on other grounds by Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001). In order to state a claim for abuse of process, a plaintiff must allege that a defendant: (1) possessed some ulterior purpose or motive, and (2) performed some act in the use of the legal process not proper in the regular prosecution of the proceedings. *Cozzi v. Pepsi-Cola Gen. Bottlers, Inc.*, No. 96-cv-7228, 1997 WL 811687, at *2 (N.D. Ill. Dec. 30, 1997) (citing *Arora v. Chui*, 664 N.E.2d 1101, 1108 (Ill. App. Ct. 1996)). "Because the tort of abuse of process is not favored under Illinois law, the elements must be strictly construed." *Neurosurgery and Spine Surgery, S.C. v. Goldman*, 790 N.E.2d 925, 929-30 (Ill. App. 2d Dist. 2003) (citing *Erlich v. Lopin-Erlich*, 553 N.E.2d 21 (1990)).

7

With respect to the first element, "a plaintiff must plead facts that show that the defendant instituted proceedings against him for an improper purpose, such as extortion, intimidation, or embarrassment." *Id.* at 930. Neil has met this requirement, as the gravamen of the Complaint is that KSN's true motivation in its debt collection litigation was improperly to force Neil and her tenant to leave LCCA's building. (First Am. Compl. ¶ 12.)

For the second element, "the plaintiff must plead facts that show a misapplication of process, or, in other words, the plaintiff must show that the process was used to accomplish some result that is beyond the purview of the process." *Goldman*, 790 N.E.2d at 930. However, under Illinois law, a claim for abuse of process can only proceed where the plaintiff has suffered an actual arrest or a seizure of property. *Parks v. Neuf*, 578 N.E.2d 282, 285 (Ill. App. 4th Dist. 1991). This requirement is sometimes known as a "special injury." *Michael Neuman & Assocs., Ltd. v. Florabelle Flowers, Inc.*, No. 92-cv-3765, 1994 WL 695548, at * 2-3 (N.D. Ill. Dec. 9, 1994). "Because anxiety, loss of time, attorney fees, embarrassment, humiliation, injury to personal or professional reputation, and the like are the unfortunate incidents of many, if not all, lawsuits, they do not constitute special injuries." *Cozzi*, 1997 WL 811687, at *2.

This is where Neil's abuse of process claim fails—she does not allege a special injury. In her response brief, Neil attempts to persuade this Court otherwise by pointing to the purported unlawful garnishment of her wages and KSN's act of sending notices designed to mislead the recipient to believe that they are court process. (Pl.'s Resp. at 4.) However, the facts pleaded in Neil's Complaint, taken as true, do not establish that any special injuries resulted from these misdeeds. Although Neil alleges that KSN "wrongfully obtained" a wage garnishment order against her (First Am. Compl. ¶ 88), there is no allegation that Neil's wages were actually garnished. The only injury alleged is that Neil was (or will be) forced to expend court fees to

8

vacate the judgment. (*Id.* ¶ 92.) Because court fees are "incidents of many, if not all, lawsuits," they cannot constitute special damages to sustain a claim for abuse of process. *See Cozzi*, 1997 WL 811687, at *2. Similarly, while Neil alleges that KSN sent collection demands styled as court pleadings and misrepresented in actual court pleadings that she had refused to make assessment payments, Neil's only alleged damages are that these acts "humiliate[d] Plaintiff, violate[d] her privacy and interfere[d] with her ability to work and to conduct business." (First Am. Compl. ¶ 97.) Even accepted as true, these alleged injuries do not constitute special injuries sufficient to sustain an abuse of process claim under Illinois law. *Cozzi*, 1997 WL 811687, at *2. Accordingly, Neil's abuse of process claim in Count VII is dismissed.

## V.    Count VIII - Consumer Fraud / Deceptive Business Practices Under the ICFA

In support of her ICFA claim, Neil alleges that KSN "employed unfair and/or deceptive acts, while acting as a debt collector, in violation of" the ICFA. (First Am. Compl. ¶ 99.) Neil further alleges that "Defendant's failure to comply with ICFA provisions, as well as other applicable federal, state and local statutory and common law, constituted unfair and/or deceptive acts under the ICFA." (*Id.* ¶ 100.) These allegations fail to state a cause of action even under the liberal notice pleading standard of the Federal Rules of Civil Procedure. To meet federal pleading standards and survive a Rule 12(b)(6) motion to dismiss, a complaint "must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). As pleaded, the Complaint does not explain what activities Neil alleges have violated the ICFA, and thus fails to state a claim.

In her response brief, Neil attempts to avoid this result by, for the first time, citing a particular provision of the ICFA, which provides:

> No person may attempt to collect an obligation by communicating in any way with an employer with regard to the obligation owing by one of his employees unless there has been a default of the payment of the obligation for at least 30 days and at least 5 days prior notice of the intention to communicate with the employer has been given to the employee. Any person violating this Section commits an unlawful practice within the meaning of this Act and, in addition, is liable in a civil action for damages resulting to the employee about whom such a communication is wrongfully made.

815 ILCS 505/2I. But Neil's attempt to cure her deficient pleading in her response to the Motion necessarily fails—a plaintiff may not amend her complaint through arguments in a response brief and a court's determination of a motion to dismiss should be limited to the pleadings. *Car Carriers, Inc.*, 745 F.2d at 1107. Despite her efforts, Neil's ICFA claim in Count VIII must also be dismissed.

## **Conclusion**

For the reasons explained above, KSN's Motion is granted with respect to Counts IV, V, VII, and VIII. The dismissal of Count V does not preclude Neil from pleading a claim for breach of contract. Neil may seek leave to file an amended complaint that remedies the pleading deficiencies of the dismissed counts, if she is able to do so consistent with the requirements of Federal Rule of Civil Procedure 11. KSN's Motion to dismiss is denied with respect to Count III.

Dated: September 27, 2014

ENTERED:

Andrea R. Wood
United States District Judge